# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| DAVID L. BUCKLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09CV822 CDP |
| | ) | |
| STEVE LARKINS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 1008292), an inmate at Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), for leave to commence this action without payment of the required filing fee [Doc. #2]. Also before the Court is plaintiff's motion for court intervention [Doc. #4]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.95. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that plaintiff's motion for court intervention should be denied and the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has

insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $9.76, and an average monthly balance of $2.45. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.95, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is

immune from such relief.  An action is frivolous if "it lacks an arguable basis in either law or in fact."  Neitzke v. Williams, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.  Named as defendants are:  Steve Larkins (Warden); Larry Short (Functional Unit Manager); John Doe (correctional caseworker); Unknown Lieutenant (correctional officer); Travis Ezersk (correctional officer); and Patricia Cornell (Director, Missouri Department of Corrections).

Plaintiff alleges that when he was transferred to ERDCC, he asked to be placed in protective custody and filled out an enemy list.  Plaintiff claims that his request for protective custody was granted but that before he could be placed in protective

custody, he was placed in administrative segregation as a result of disciplinary conduct which had occurred while he was an inmate at South Central Correctional Center. Plaintiff asserts that he was assigned to a two person cell in administrative/disciplinary segregation, and that he told defendants that "this is not a good idea because I don't know who my enemies [and] friends are." Plaintiff states that he was told that the inmate he was being housed with was not on his enemy list. Plaintiff asserts that approximately three days later he was attacked by his "cellie." Plaintiff contends that defendants acted unlawfully by failing to place him in protective custody, rather than administrative/disciplinary segregation.

In his motion for court intervention, plaintiff requests that the Court order the Missouri Department of Corrections to provide plaintiff "with the needed legal supplies so he can adequately litigate in the court of law." Plaintiff explains that the State gives him $7.50 a month to buy legal supplies and hygiene items, but then takes $2.50 out of this money for "property damage and victims corruption." Thus, plaintiff asserts that he has only $5.00 per month to spend on hygiene and legal materials.

## Discussion

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which

[plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." Id. As a result, the complaint fails to state a claim upon which relief can be granted.

Moreover, plaintiff's assertion that defendants acted unlawfully by failing to place him in protective custody, instead administrative/disciplinary segregation, is without merit. "Inmates have no liberty interest protected by the Constitution in avoiding transfer to more adverse conditions of confinement." See Conley v. Cassady, No. 07-4170-CV-C-SOW, 2006 WL 5159337, *3 (W.D. Mo. December 26, 2006) citing Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Plaintiff's allegation that he was placed in administrative segregation, a more restrictive assignment, with a person not on his enemy list, fails to state a claim under 42 U.S.C. § 1983. Id.; see also, Robinson v. Crawford, No. 07-4216-CV-C-SOW, 2008 WL 544968, *2 (W.D. Mo. February 27, 2008) ("A prison is not required to maintain a separate protective custody unit or to assign every inmate to one who wants to be there.").

Lastly, the Court will address plaintiff's motion for court intervention. To the extent that plaintiff is attempting to assert an access-to-the-courts claim, the claim is legally frivolous. Plaintiff does not claim that he has suffered "actual prejudice with respect to contemplated or existing litigation." See, e.g., Lewis v. Casey, 518 U.S. 343, 348 (1996). As such, he has failed to show a denial of a constitutional right and his motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.95 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motion for court intervention [Doc. #4] is **DENIED**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 17th day of August, 2009.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE